IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-00442-WDM

GLORIA BARBER,

    Petitioner,

v.

SCOTT WEBER, et al.,

    Respondents.

_____

### ORDER CONCERNING ATTORNEYS' FEES
_____

Miller, J.

This matter is before me on petitioner's request for attorneys' fees pursuant to the Equal Access to Justice Act (Act or EAJA) set forth in 28 U.S.C. § 2412. Petitioner claims she is the "prevailing party" and is entitled to fees and expenses from the respondents as representatives of the United States pursuant to 28 U.S.C. § 2412(d)(1)(A). The respondents resist and argue that they are not liable for attorneys' fees because their positions were substantially justified. § 2412(d)(1)(A).

Respondents focus on the adjustment of status issue and point out that I as well as others have ruled that an adjustment pursuant to Form I-212 may not be appropriate when dealing with reinstatement of a previous removal except in limited cases. *See Jose Barela v. Michael Comfort, et al.*, Civil Action No. 02-WM-1953. Respondents characterize the access to attorney issue as "secondary." That is incorrect and contrary to my original March 14, 2003 ruling and my March 30, 2003 order denying

respondents' motion for reconsideration. My order states "I specifically did not decide the ultimate issue of whether Petitioner is removable in the circumstances." March 30, 2003 order, p. 3. Instead, I concluded that the respondents' actions of denying petitioner her requested access to retained counsel was unlawful and, for the reasons stated, the appropriate remedy was to suppress Exhibit A-2 and A-5, including the alleged waiver of her right to counsel in Exhibit A-5. On that basis, the habeas corpus petition was granted, and petitioner was released. Indeed, this case was deemed terminated, subject to post-trial motions. Consequently, the issue of removal is unresolved.

On the issue that was resolved--access to counsel--there can be no good faith dispute but that petitioner was the "prevailing party." As to the issue of "substantial justification," the government bears the burden that its position was substantially justified. *Gilbert v. Shalala*, 5F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" means "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1984). For the reasons stated in my March 30, 2004 order, taking a position that an individual subject to removal or deportation may be denied access to previously retained counsel without consequence cannot be substantially justified. Accordingly, petitioner is entitled to her attorneys' fees and costs.

Respondents also dispute the hourly rate of petitioner's counsel and her entitlement to an award of costs under the EAJA. The attorneys' bill (Exhibit 3 of Petition for Attorneys' Fees) totals $5,457.84, and consists of $342.84 in costs and

$5,115 in fees. The fees include 20 hours of attorney time charged at $200 an hour or $4,000. The balance of the fees consist of paralegal and legal assistance time charged at $10 and $50 per hour, respectively. Respondents' fee challenge is limited to a challenge of the $200 rate for the attorney. Respondents do not challenge the number of hours charged or the rates for paralegals and legal assistants.

As respondents point out, the statute limits the hourly rate to $125 "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A). In her arguments, petitioner limits justification for a higher rate to limited availability of qualified attorneys for the immigration issues presented. By affidavit, petitioner's attorney affirms that there are very few immigration attorneys who can deal with this issue and that hourly rates for experienced attorneys in federal court range from $200 an hour to $325 an hour (Exhibit 2). Petitioner also submits the affidavit of Kenneth Stern (Exhibit 4) who verifies that he is an experienced immigration attorney, that there are very few such attorneys in this district, and that the hourly rate of $200 is fair.

Respondents ignore these affidavits and baldly conclude that petitioner has made no showing of limited availability. In fact, both affidavits affirm that knowledgeable attorneys are limited and that immigration issues are often complex and novel. These unrebutted facts are consistent with the Supreme Court's definition of "limited availability" as referring to lawyers with "some distinctive knowledge or specialized skill needful for the litigation in question." *Pierce v. Underwood*, 487 U.S. at

572. Accordingly, I conclude that the $200 rate is appropriate.

As to costs, respondents object and assert that any claim must be made by filing of a bill of costs pursuant to 28 U.S.C. § 1920. I agree, as the statute so provides. *See* § 2412(a)(1). Accordingly, the request for costs should be denied without prejudice.

It is therefore ordered that the petitioner's request for attorneys' fees is granted to the extent of $5,115. The request for costs is denied without prejudice to petitioner filing an appropriate bill of costs pursuant to 28 U.S.C. § 1920 and D.C.COLO.LCivR 54.1. I am not deciding whether any such bill of costs will have been timely filed.

DATED at Denver, Colorado, on August 1, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge